## 51610. MILLS v. THE STATE.

CLARK, Judge.

Appellant Mills and co-defendant McTaggert were jointly indicted for the burglary of the Park Street Elementary School in Cobb County. They were tried before a jury and both were convicted. Mills alone appeals from the denial of his amended motion for a new trial. *Held:*

1. Appellant urges his conviction be reversed on the general grounds claiming the state's failure to rebut his entrapment defense. It is undisputed that appellant was a police informer whose information previously supplied to Cobb County authorities had led to arrests and convictions of burglars. What is disputed, however, is whether appellant was acting under police orders or on his own when he was apprehended at the scene of the school burglary in this case.

Appellant testified that, prior to the commission of the offense, he had told Officer Solomon of the Marietta Police Department the details of the planned burglary. He contended he had been used as an informer continuously up until the time of his arrest and that it was customary for Officer Solomon to allow appellant to escape while arresting the other perpetrators. He further claimed the instant arrest and prosecution was due to the unfortunate

circumstance of being apprehended by officers other than Solomon.

Officer Solomon testified in rebuttal for the state. He stated that he had previously accepted information from appellant, but had specifically told him on all occasions not to participate in the criminal ventures. The officer also stated that he had stopped using appellant as an informer several months prior to this offense and that he had been given no advance information concerning the school burglary. This testimony was sufficient to rebut appellant's claim of entrapment. We note, additionally, Solomon's testimony was corroborated by appellant's post-arrest confession wherein appellant admitted his intent to steal a television in the school. Moreover, defendants were apprehended as a result of a silent burglar alarm system rather than a police stakeout, as would have been likely had appellant been acting under police supervision.

On appeal, this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. *Bell v. State,* 21 Ga. App. 788 (95 SE 270); *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146). Accordingly, we find appellant's enumerations of error upon the general grounds to be without merit.

2. Appellant enumerates error upon the trial court's refusal to permit the following two voir dire questions: (1) "And you understand that the presumption of innocence is in his [defendant's] favor in a criminal case?" (2) "Do you understand that the burden of proving the defendant guilty—". Appellant asserts that questions of this sort are proper under Code Ann. § 59-705 and that it was an abuse of discretion to disallow these inquiries.

"In examining a prospective juror, counsel for the accused should not ask technical legal questions in regard to the presumption of innocence, but should confine his questions to those which may illustrate any prejudice of the juror against the accused, or any interest of the juror in the cause." *McNeal v. State,* 228 Ga. 633, 636 (187 SE2d 271). Similarly, in *Stack v. State,* 234 Ga. 19, 25 (2) (214 SE2d 514), it was held that the trial court correctly refused to permit a voir dire question involving the

reasonable doubt standard. In so ruling, our Supreme Court stated that a "technical legal question concerning the presumption of innocence" was a subject of instruction by the court and was not a proper area for voir dire examination.

It is thus clear that the trial judge here did not abuse his discretion in refusing to permit the proffered questions.

3. Appellant's remaining enumeration alleges the trial judge erred in refusing to permit a question asked by defense counsel and in expressing an opinion on the evidence while excluding this question. We quote the colloquy between appellant's attorney and the judge: "Q. In your experience, when folks are acting in concert and that sort of thing, have you ever heard of lookouts? A. Yes, sir. Q. And lookouts sometimes don't actually participate in the perpetration of the crime? The Court: Now, that is calling for a legal conclusion. Attorney: I am just asking him in his experience, Your Honor. The Court: Well, that would be a legal conclusion. The law is that if anybody is acting pursuant to a criminal enterprise, they would be liable. Attorney: Maybe I can change it around so it won't be legal. The Court: Well— Attorney: I will withdraw the question. The Court: All right."

We agree with the trial judge that defense counsel's question called for an improper expression of legal opinion. See *Hinson v. Dept. of Transportation,* 135 Ga. App. 258, 260 (2) (217 SE2d 606), and cits. The trial judge did not, as appellant contends, express the opinion that appellant was in fact acting pursuant to a criminal enterprise. Rather, the judge, in explaining his evidentiary ruling, stated an abstract hypothetical and legally correct principle of law. Moreover, the record reveals that the question was withdrawn and counsel acquiesced in the court's ruling. Thus, appellant cannot raise this issue on appeal as a ground for reversal. See *McAllister v. State,* 231 Ga. 368 (1) (202 SE2d 54). This enumeration is therefore without merit.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED JANUARY 12, 1976 — DECIDED JANUARY 19, 1976.

*Spence & Knighton, Virgil C. Spence,* for appellant.
*George W. Darden, District Attorney, W. Michael B. Stoddard, Assistant District Attorney,* for appellee.