## 36477. BAKER v. THE STATE.

JORDAN, Presiding Justice.

John Baker was convicted in Polk County for aggravated battery and sentenced to twelve years. Baker filed a motion for new trial which the trial court overruled and Baker appeals. We reverse.

1. Baker argues that his aggravated battery conviction cannot stand because the prohibition in Code Ann. § 26-1305 against maliciously causing bodily harm to another "by seriously disfiguring his body" is so vague as to violate the due process clause of the 14th Amendment to the U. S. Constitution.

The state contends that this enumeration of error cannot be considered on the ground that said enumeration was raised for the first time in Baker's motion for new trial, and moves that the case be transferred to the Court of Appeals.

While this court has held that "[a] question as to the con-

stitutionality of a law can not be raised for the first time in a motion for a new trial" *Stone v. State,* 202 Ga. 203, 204 (42 SE2d 727) (1947), we have more recently noted that a defendant cannot waive his right to litigate, by writ of habeas corpus, the constitutionality of a statute under which he has been convicted, and that, therefore, in order to avoid future habeas corpus litigation, we will adjudicate untimely challenges to a statute's constitutionality on direct appeal. *Barnes v. State,* 244 Ga. 302, 303 (260 SE2d 40) (1979). The state's motion to transfer is denied.

2. "It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." United States v. Mazurie, 419 U. S. 544, 550 (95 SC 710, 42 LE2d 706) (1974).

Thus, the issue before this court is whether Code Ann. § 26-1305's prohibition against maliciously causing bodily harm to another "by seriously disfiguring his body" gave Baker due notice that it prohibited the acts for which he has been convicted. See Jordan v. De George, 341 U. S. 223, 230 (71 SC 703, 95 LE 886), (1950).

Black's Law Dictionary defines "disfigurement" as "that which impairs or injures . . . the appearance of a person . . . ," and defines "serious" as "grave, [or] great."

There is evidence in this record that Baker hit his mother-in-law, Madge Godfrey, breaking her nose "all to pieces"; that he hit her "repeatedly"; that the results of his beating were "severe, extensive bruises throughout the face and eyes, and forehead" with "deep lacerations" at the bridge of her nose, her right brow, and her left temple, with "arterial bleeding" flowing from the final laceration; and, that the totality of the injuries required approximately twenty-five stitches.

We hold that the prohibition against maliciously causing bodily harm to another "by seriously disfiguring his body" gave Baker due notice that it prohibited the acts for which he has been convicted.

3. At trial, Baker advanced two exculpatory theories: first, that Mrs. Godfrey had physically attacked his wife (who is also Mrs. Godfrey's daughter) during a discussion regarding custody of his wife's son, that his wife had kicked Mrs. Godfrey in the face during the altercation, thereby causing the deep laceration in, and arterial bleeding from, Mrs. Godfrey's left temple, and that the *other* injuries sustained by Mrs. Godfrey were the result of Baker's exercise of reasonable (and therefore justified) force to protect the physical safety of his wife; second, that even if the other injuries sustained by Mrs. Godfrey were the result of Baker's exercise of *un*reasonable force, said injuries did not constitute "serious disfigurement" and thus warranted a conviction for the crime of simple battery only.

These exculpatory theories advanced by Baker raised two material issues of fact: (1) did Mrs. Godfrey attack Baker's wife and (2) did Baker's wife kick Mrs. Godfrey in the head, thereby causing the deep laceration in the latter's left temple?

As probative of Mrs. Godfrey's motive for attacking his wife, Baker attempted to elicit testimony from Mrs. Godfrey concerning the reason for the transfer of legal custody of his wife's child from his wife to Mrs. Godfrey, and the number of transfers of the child's physical custody between the two. For the same reason, Baker also attempted to elicit Mrs. Godfrey's testimony that her sole source of income was a government check paid to her as legal custodian of the child.

As probative that Mrs. Godfrey in fact did physically attack his wife, Baker attempted to elicit testimony from Mrs. Godfrey concerning an "attack" by Mrs. Godfrey on his wife during a custody hearing in court. The trial court ruled all four items of evidence irrelevant and Baker excepts.

"The admission of evidence is a matter which rests largely within the sound discretion of the trial judge." *Alexander v. State,* 239 Ga. 108, 110 (236 SE2d 83) (1977). However, "The Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value," Agnor's Georgia Evidence, § 10-2, p. 165; quoted in *Sprouse v. State,* 242 Ga. 831, 833 (252 SE2d 173) (1979), and evidence is relevant if it renders the desired inference more probable than it would be without the evidence. *Patterson v. State,* 233 Ga. 724, 725 (213 SE2d 612) (1975).

We do not find the trial court's exclusion of the first three items of evidence an abuse of discretion. However, the evidence that Mrs. Godfrey had "attacked" her daughter during a custody hearing in a courtroom undeniably rendered more probable Mrs. Godfrey's alleged attack on her daughter on the occasion of Baker's alleged aggravated battery.

Thus, we hold that the trial court abused its discretion in ruling this fourth item of testimony irrelevant.

As probative that his wife's kick caused the deep laceration in Mrs. Godfrey's left temple, Baker attempted to build on a statement by Mrs. Godfrey's attending physician that "It is rare to see a blow with a fist . . . produce a deep enough cut to cause arterial bleeding at the temple" with the following hypothetical question: "Based on your medical training and experience as a physician, and your study of the body, and the use of various parts of the body, do you have an opinion as to whether a person could exert at least as much, and maybe more force by kicking another person as they could by blow of the fist?"

The trial court ruled that the hypothetical question was improper because "there was no evidence in this case about a kick."

Earlier in the trial, however, Mrs. Godfrey had testified that "[my daughter] kicked the fire out of me." Further, the daughter herself testified no less than three times that "I kicked her [Mrs. Godfrey] in the face."

The testimony by Baker's wife and Mrs. Godfrey, that the former did indeed kick the latter, is credible evidence of that fact. Accordingly, we hold that there was sufficient evidence to sustain the excluded hypothetical question and the trial court erred in ruling otherwise.

Baker was convicted of "seriously disfiguring the body" of Mrs. Godfrey. Evidence that Mrs. Godfrey had previously "attacked" Baker's wife during a custody hearing in court and evidence that a major part of the harm done to Mrs. Godfrey was the result, not of Baker's fist, but of the foot of his wife, was relevant to the issues raised by Baker's exculpatory theories. Accordingly, we cannot say that it is highly probable that these errors did not contribute to the jury's verdict. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976).

4. Given our holding in Division 3 of this opinion, we need not consider Baker's additional enumerations of error.

*Judgment reversed. All the Justices concur.*

Argued July 14, 1980 — Decided September 9, 1980.

*Marson G. Dunaway, Jr.,* for appellant.

*William A. Foster, III, District Attorney, Daniel J. Sammons, Assistant District Attorney,* for appellee.