### A94A2723. LEWIS v. THE STATE.
(452 SE2d 228)

BEASLEY, Presiding Judge.

Following a bench trial, Lewis was convicted of driving under the influence of alcohol with an alcohol concentration of 0.10 grams or more (OCGA § 40-6-391 (a) (4)). The trial court considered the results of a pre-arrest blood-alcohol test administered to Lewis at the hospital where he was taken and treated. He had driven his vehicle head-on into a utility pole and had to be cut out of the vehicle by emergency personnel. Lewis' blood tested positive for 0.15 grams percent ethyl alcohol. A motion for new trial, as amended, was denied and he appeals.

The sole contention is that the trial court erred in denying Lewis' motion to suppress the result of the test. He argues that there was insufficient evidence of "serious" injury so as to invoke his implied consent to the blood-alcohol test under OCGA § 40-5-55 (a).

OCGA § 40-5-55 (c) defines " 'traffic accident resulting in serious injuries or fatalities' " as used in subsection (a) to mean "any motor vehicle accident in which a person was killed or in which one or more persons suffered a fractured bone, severe burns, disfigurement, dismemberment, partial or total loss of sight or hearing, or loss of consciousness."

First, the responding officers believed that Lewis' crash did result in serious injuries as defined under the implied consent statute. As one officer approached the accident scene he observed that there was a lot of blood and that Lewis and his passenger Adair were screaming as if in pain. The officer saw blood about Adair's facial area and that "there was a great bit of disfigurement to [Adair's] right leg and the upper part of the leg," "the top side of the leg was turned completely to the outside while the inside part of the leg was still straight, straight up, the way it would normally be." Another officer testified at trial that Adair's leg appeared "kind of deformed. There was a big . . . huge knot . . . between the [kneecap] and the hip." The knot was "somewhere from 12 inches" and "about clear across his thigh" and the officer believed that Adair's leg was broken. This same officer also observed that Lewis had "a lot of blood on him" with "[s]ome to the head" and that one of his ankles was swollen to "[a]bout the size of a softball."

Second, the injuries as reported by the officers did in fact constitute serious injuries as defined under the implied consent statute. In the context of aggravated battery (OCGA § 16-5-24), this court has

utilized a definition of "disfigurement" from Black's Law Dictionary: " 'that which impairs or injures . . . the appearance of a person.' " *In the Interest of H. S.*, 199 Ga. App. 481 (405 SE2d 323) (1991), citing *Baker v. State*, 246 Ga. 317, 318 (2) (271 SE2d 360) (1980). There is no requirement that the disfigurement be permanent. Id. The application of the definition compels the conclusion that as a result of the collision both Lewis and Adair sustained the serious injury of "disfigurement" so as to invoke implied consent under OCGA § 40-5-55 (a).

The trial court correctly denied the motion to suppress on the basis urged.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED DECEMBER 19, 1994.

*Michael S. Waldrop,* for appellant.
*Cheryl F. Custer, District Attorney, S. Dabney Yarbrough, Assistant District Attorney,* for appellee.