A95A0844. THOMAS v. THE STATE.
(458 SE2d 897)

ANDREWS, Judge.

Appellant Eddie Thomas appeals from convictions of conspiracy to defraud the state and of theft by taking. Thomas seeks a reversal of these convictions on the grounds that the trial court's charge to the jury was confusing and because the court did not permit Thomas's counsel to ask voir dire questions about whether prospective jurors had an opinion regarding the guilt or innocence of appellant.

1. Thomas claims that the trial court erred in its charge on the credibility of witnesses because the charge contained two distinct conflicting propositions regarding Thomas's statements that would leave the jury confused and unable to render an intelligible verdict. The trial court gave a general charge on credibility of witnesses, which was almost verbatim from the Suggested Pattern Jury Instructions, Volume II, Criminal Cases. The court also gave a charge on custodial statements of defendants, again almost verbatim from the Suggested Pattern Jury Instructions, Volume II, Criminal Cases. Thomas's trial counsel objected to the court's instruction, "You should consider with great care and caution the evidence of any statement made by the defendant," claiming that the instruction was confusing because the jury might have believed that it referred to the credibility of Thomas's trial testimony rather than to a statement he made while in custody.

In response to the objection, the court brought the jury back and clarified the charge, distinguishing between a defendant's testimony at trial and his statements while in custody. The court explained that only Thomas's custodial statements should be considered "with great care and caution" and that the credibility of his statements on the witness stand should be considered by the same standard used for all

other witnesses' testimony. The trial judge stated: "When any witness testifies here at trial on the stand, the rules for governing the believability or credibility of the witnesses are the same."

If the jury is given credit for ordinary intelligence, instructions that are not confusing and prejudicial do not constitute reversible error. *Dukes v. State*, 213 Ga. App. 701 (446 SE2d 190) (1994). Here, the instructions to the jury came directly from the Suggested Pattern Jury Instructions. Further, the trial court took steps to ensure that the jury clearly understood the difference between the charge on the general credibility of witnesses and the charge on the credibility of a defendant's statements while in custody by calling the jury back and clarifying the difference between the two charges. Therefore, even if the original instructions were confusing to the jury, the clarifying instructions remedied the confusion. Thus, the first enumeration of error has no merit.

2. Thomas also claims that the trial court abused its discretion in its conduct of voir dire because Thomas's trial counsel was not permitted to ask the jurors questions about presumption of innocence and reasonable doubt or about the kinds of books the jurors read or the television programs and movies they watched.

OCGA § 15-12-133 states that both defense counsel and the State "shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the case, including . . . any fact or circumstance indicating any inclination, leaning, or bias which the juror might have." However, the limitation placed on counsel in questioning the jury in voir dire under OCGA § 15-12-133 lies largely within the sound discretion of the trial court, and the appellate courts should not interfere with the exercise of that discretion unless it has been "manifestly abused." *White v. State*, 230 Ga. 327, 337 (196 SE2d 849) (1973).

Technical legal questions concerning the presumption of innocence are a subject for instruction by the court and are not a proper subject for voir dire questioning. *Mills v. State*, 137 Ga. App. 305, 307 (223 SE2d 498) (1976). Questions about the presumption of innocence and reasonable doubt may be prohibited. *Anderson v. State*, 169 Ga. App. 729, 731 (314 SE2d 735) (1984). Also, a trial court may exclude questions about books jurors have read or movies and television programs jurors have seen. *Alderman v. State*, 254 Ga. 206 (6) (327 SE2d 168) (1985); *Spivey v. State*, 253 Ga. 187, 193 (319 SE2d 420) (1984).

There is no evidence that the trial court "manifestly abused" its sound discretion in limiting the scope of voir dire. Thomas's counsel was not prevented from determining whether the jurors were biased or impartial, but rather was restricted from asking improper questions. Thus, the second enumeration of error has no merit.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JULY 6, 1995.

*Frederick M. Scherma*, for appellant.
*Michael J. Bowers, Attorney General, Harrison W. Kohler, Senior Assistant Attorney General*, for appellee.