A95A2226. MILLER v. THE STATE.
(466 SE2d 67)

JOHNSON, Judge.

A car struck Robert Miller while he was on his motorcycle. Miller was not at fault in the accident. An ambulance took Miller to a nearby hospital where he was treated for a dislocated shoulder. At the hospital, a state trooper asked Miller to give blood and urine samples. The trooper testified that he had no reason to and did not suspect Miller of being under the influence of alcohol or drugs. He nevertheless requested the samples solely because he believed Miller suffered "serious injuries" in the accident. See OCGA § 40-5-55 (a). Miller ob-

jected, but provided the requested samples after the trooper told him that because of his serious injuries, his driver's license would be suspended if he did not consent to blood and urine tests. The state crime laboratory's tests revealed the presence of marijuana in Miller's blood and urine samples. Based on these test results, the State charged Miller with driving under the influence of marijuana and possession of marijuana. Miller moved to suppress the test results, arguing that his dislocated shoulder is not a "serious injury" as defined by OCGA § 40-5-55 (c), and thus his consent to the tests was not valid. The trial court submitted the issue of whether the test results should be suppressed to the jurors, instructing them that they could consider the test results only if they determined that Miller suffered serious injuries as defined by the statute. The court gave the jury a special verdict form on which they found that Miller had suffered serious injuries and that he was guilty of the charged offenses. The court entered judgments of conviction on the verdict and denied Miller's motion for a new trial. He appeals.

The trial court's procedure of submitting the suppression issue to the jury was clearly erroneous. The grant or denial of a suppression motion is a matter of law for the court. *Chastain v. State*, 158 Ga. App. 654, 655 (281 SE2d 627) (1981). Even if the court's procedure were proper, the jury's factual finding that Miller was seriously injured as defined by OCGA § 40-5-55 (c) is not supported by any evidence. "[T]he term 'traffic accident resulting in serious injuries or fatalities' means any motor vehicle accident in which a person was killed or in which one or more persons suffered a fractured bone, severe burns, disfigurement, dismemberment, partial or total loss of sight or hearing, or loss of consciousness." OCGA § 40-5-55 (c). Here, the evidence shows only that Miller suffered a dislocated shoulder. Contrary to the State's argument, a dislocated shoulder is not disfigurement. Compare *Lewis v. State*, 215 Ga. App. 796 (452 SE2d 228) (1994). Because there is insufficient evidence that Miller suffered a serious injury so as to invoke implied consent to the tests under OCGA § 40-5-55 (a), the trial court erred in failing to suppress the test results. Accordingly, the blood and urine test results constituting the only evidence at trial which would support a verdict of guilty of the offense charged, Miller's conviction must be reversed.

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED DECEMBER 18, 1995.

*Mayer & Beal, Andrew M. Beal, Matthew D. Gansereit*, for appellant.

*Albert F. Taylor, Jr., District Attorney, C. David Turk III, Mary*

*E. Moore, Assistant District Attorneys,* for appellee.