A96A1028. HARPER v. THE STATE.
(474 SE2d 288)

Judge Harold R. Banke.

Antonio Harper was convicted of armed robbery and aggravated assault. On appeal, Harper challenges the trial court's limitation on the scope of voir dire. *Held*:

Harper claims that the trial court abused its discretion in its conduct of voir dire because his trial counsel was not permitted to pose nine questions to prospective jurors. We disagree. Limitation placed on counsel in questioning during voir dire under OCGA § 15-12-133 lies largely within the sound discretion of the trial court, and

appellate courts should not interfere with the court's exercise of that discretion unless it has been manifestly abused. *White v. State*, 230 Ga. 327, 337 (5) (196 SE2d 849) (1973); *Thomas v. State*, 217 Ga. App. 720, 721 (2) (458 SE2d 897) (1995).

It is not within the purview of voir dire to inquire into technical legal questions, such as those ultimately involving the presumption of innocence, issues which are more properly the subject of a legal charge by the trial court. *Henderson v. State*, 173 Ga. App. 302, 303 (1) (326 SE2d 246) (1985). For this reason, the trial court properly excluded counsel's questions about the presumption of innocence, the State's burden of proof on the allegations in the indictment, and the comparative guilt of Harper relative to other persons. Counsel's questions about the State's evidentiary burden and proof beyond a reasonable doubt were also properly disallowed. *Anderson v. State*, 169 Ga. App. 729, 731 (2) (314 SE2d 735) (1984).

Generally, juror examination should be confined to questions designed to elicit the possible prejudice of jurors against the accused or juror bias or interest in the outcome. See *Mills v. State*, 137 Ga. App. 305, 306 (2) (223 SE2d 498) (1976). In this case, counsel's other technical questions of a legal nature about an indictment as evidence of guilt, the function of grand jury proceedings, and the role of jurors as factfinders were all subjects for instruction by the court and were not proper subjects for voir dire questioning. Id.

The trial court also properly excluded counsel's question about magazine subscription preferences. See *Henderson v. State*, 251 Ga. 398, 401 (306 SE2d 645) (1983). Finally, counsel's inquiry into whether jurors would ascribe more credibility to a police officer's testimony was impermissible. *Lewis v. State*, 186 Ga. App. 349, 352 (3) (a) (367 SE2d 123) (1988).

Harper failed to present any evidence that the trial court "manifestly abused" its discretion in limiting the scope of voir dire. Harper's counsel was not prevented from determining whether any jurors were biased or partial but was restricted only from asking improper questions. See *Thomas*, 217 Ga. App. at 721 (2).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

Decided August 2, 1996.

*Donald W. Rogers*, for appellant.
*Fredric D. Bright, District Attorney, Stephen A. Bradley, Assistant District Attorney*, for appellee.