### A00A0396. BOYLE v. THE STATE.
(528 SE2d 303)

ELDRIDGE, Judge.

A Fulton County jury found Chris Boyle guilty of aggravated assault for pulling a handgun on Charles Andrews outside the Ashby Street MARTA station and ordering Andrews to "give it up." Boyle appeals, raising two errors of law which allegedly require reversal. Having reviewed them both, we affirm Boyle's conviction.

1. Boyle first claims that the trial court erred in granting the State's motion to strike for cause prospective juror no. 20, Deborah Ann Vanzile. We find no error.

Prior to individual voir dire, the trial court asked the panel several general questions, including: "Have any of you had such a negative or bad experience with law enforcement that you would have a difficult time sitting and being fair and impartial jurors where law enforcement witnesses might be involved?" Prospective juror Vanzile raised her hand in response to the trial court's question. Later, during individual voir dire, the following colloquy occurred:

[State:] Do you think that [unfortunate encounter with law enforcement] would in any way work as a block to you listening to officers' testimony in this case and weighing their testimony just as any other witness?
[Vanzile:] Probably, yeah.
[State:] It probably would?
[Vanzile:] Yeah.
[State:] So you do not think you could be fair and impartial to the state in this case?
[Vanzile:] Not if it involves police officers. . . .
[Defense:] You don't feel like you could put your incident outside and kind of leave it outside the courtroom and listen to the evidence in this case and render a fair and impartial verdict?
[Vanzile:] In all honesty, probably not.

At the conclusion of voir dire, the State moved to strike Vanzile for cause. The trial court brought her back in for more questioning:

> [Trial court:] All right. Now, if, you know, I give you a charge, which I will, that you are to put aside all of that, other things and just consider your — put aside your own experience and consider the evidence in this case and look at this case, you know, straight on, so to speak, the question is, then, can you be fair and impartial?
>
> [Vanzile:] I think I could try, *but* I think that there would always be in the back of my mind going through my thoughts that, well, if I wasn't treated fairly, how could I expect somebody else to be treated fairly by the police officer, a cop. I mean, just the whole situation just made me look at the law enforcement officers in a completely different way from what I didn't have a problem with them. To me just feeling very scared and very intimidated and very frustrated over the whole thing, and, I mean, I can look at somebody and try and say, yes. I am going to try and be impartial, *but*, I mean, if the thought is always there in the back of my mind, and it is not something that I can get rid of too easily, I don't see how I can be fair with somebody else.

(Emphasis supplied.) The trial court granted the State's motion to strike Vanzile for cause.

Whether to strike a juror for cause lies within the sound discretion of the trial court. *Kirkland v. State*, 271 Ga. 217, 219 (518 SE2d 687) (1999).

> In order to disqualify a prospective juror for cause on the basis that she could not fairly and impartially judge the case, the opinion must be so fixed and definite that it would not be changed by the evidence or the charge of the court during the trial of the case.

*Menefee v. State*, 270 Ga. 540, 542 (512 SE2d 275) (1999). "A conclusion on an issue of bias is based on findings of demeanor and credibility which are peculiarly in the trial court's province, and those findings are to be given deference." *Kirkland v. State*, supra at 219. Under this legal standard, the evidence was clearly sufficient to support the trial court's credibility determination that Vanzile could not decide the case impartially. Id.

Further, contrary to Boyle's contentions, the fact that Vanzile used the word "try" during the course of voir dire does not necessarily rehabilitate her, and the Supreme Court of Georgia's decision in *Garland v. State*, 263 Ga. 495, 496 (1) (435 SE2d 431) (1993), does not

stand for that proposition. On appeal, the question is whether evidence supports the trial court's determination. In *Garland*, a juror's repeated assertions that she would "try" to decide the case based on the evidence *supported* the trial court's credibility decision to *deny* a motion to strike for cause. Here, however, the fact that Vanzile stated "I think I could try, but . . ." does not require the trial court to ignore the numerous times Vanzile affirmatively stated she could *not* decide the case impartially and does not make the trial court's credibility decision to strike Vanzile error.

2. During opening statement, defense counsel stated to the jury that "you will hear" who the defendant is; what he does for a living; where he lives; what his salary is; whom he supports financially; what he wears; when he worked; how he spent the first part of the day in question; what he ate; what he watched on television; where he went in the evening; why he was at the Ashby Street MARTA station; how he got there; which way he went; whom he was going to see; and that Boyle was picked up a block from the MARTA station in a case of mistaken identity, because "Mr. Boyle was not the man who pulled a gun on Mr. Andrews."

After the State rested its case-in-chief, Boyle took the stand on his own behalf and testified as defense counsel had outlined in opening. However, he also testified that while at the Ashby Street station, he saw Andrews being robbed by the real perpetrator: "I never fully made it to go all the way up to the back of the station because after I came up to the steps and reached the platform, that's when I seen Mr. Andrews and the man who was robbing him, you know, upon each other."

In closing argument, the State commented on defense counsel's failure to include this last detail in her opening statement; the State raised the inference that defense counsel's omission was due to the fact that Boyle improvised his testimony as he went along:

> [State:] But what didn't Ms. Blitz tell you in her opening statement? She didn't tell you that he walked up those stairs and that he walked right past an armed robbery and that he walked right past an armed robbery taking place. . . . Could it be that nobody knew except this defendant what was going to come out of his mouth?

Defense counsel moved for mistrial and now claims error in the trial court's denial of the motion. But we find no error.

> Counsel should have ample latitude to argue what has transpired in a case from its inception to its conclusion, *and the conduct of the party or his counsel with respect to the case is*

> *the subject of legitimate comment*, and the range of such comment is necessarily in the discretion of the trial judge; and unless it can be shown that such discretion has been abused and some positive injury done by the remarks of counsel, the discretion of the trial judge will not be controlled.

(Citations and punctuation omitted; emphasis supplied.) *Findlay v. Griffin*, 225 Ga. App. 475, 477 (5) (484 SE2d 80) (1997).

In this case, the fact that Boyle claimed to have actually witnessed the armed robbery in question was a rather large, important detail to omit from an opening statement that appeared to include even the smallest detail of what the jury "would hear" during the defense case. As such, comment on its omission was legitimate, as was the inference that defense counsel's omission was due to the fabricated nature of Boyle's testimony. "We cannot say that the trial court abused its discretion in allowing the comments objected to by [Boyle]." *Findlay v. Griffin*, supra at 477.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JANUARY 19, 2000 — ▪▪▪▪▪▪▪▪

*Anna Blitz*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.