A00A1366. GANAS v. THE STATE.
(537 SE2d 758)

MILLER, Judge.

Angry at his girlfriend, William Ganas viciously beat, kicked, choked, and stomped on her, resulting in severe bruises and swelling on her face and back, a laceration on her nose bridge, and a broken little finger on her left hand. A jury found him guilty of aggravated battery,[1] and his motion for new trial was denied. He appeals, enumerating the insufficiency of the evidence, errors in voir dire, errors in the charge, and error in the removal of a juror who knew the victim. We hold that the evidence sufficed to sustain the verdict, that the judge properly limited questions in voir dire, that the charge was authorized by the evidence, and that the judge was authorized to remove the juror, and thus we affirm.

1. Claiming the court erred in denying Ganas's motion for a directed verdict, in denying his motion for new trial, in instructing the jury on aggravated battery, and in allowing the prosecution to argue aggravated battery to the jury, the first six enumerations of error all depend on whether the evidence sufficed to sustain a conviction for aggravated battery by each of the three alternative statutory methods (all of which were alleged in the same count of the indict-

---

[17] *Scott v. State*, 229 Ga. 541, 547 (5) (192 SE2d 367) (1972).
[18] See, e.g., *Thomas v. State*, 242 Ga. 712, 716-717 (10) (251 SE2d 294) (1978).
[1] OCGA § 16-5-24 (a). An order of nolle prosequi was entered on a second count charging Ganas with aggravated stalking.

ment) by which one may commit this offense. OCGA § 16-5-24 (a) provides that one commits the offense of aggravated battery by maliciously causing any of the three following harms to a victim: (i) seriously disfiguring her body or a member thereof, (ii) rendering a member of her body useless, or (iii) depriving her of a member of her body. All three methods were alleged in the same count of the indictment and charged to the jury as a possible basis for a finding of guilt, and therefore, error exists unless evidence supported a finding on all three.[2]

The issue here is whether the victim's injuries demonstrated all three of these alternative methods. The standard is whether, based on the evidence presented, a rational trier of fact could have found beyond reasonable doubt that Ganas maliciously caused the three possible harms to the victim.[3]

(a) *Serious Disfigurement*. Serious disfigurement under the statute refers to gravely or greatly impairing or injuring the appearance of the victim's body or a member thereof.[4] The disfigurement need not be permanent, but may be only temporary.[5] For example, a temporarily broken nose may suffice[6] as does severe bruising.[7] Here the witnesses described the broken finger on the date of the battery as in an "unusual position," as "bent back to where it was broken," and as "just hanging there." At trial some months later, the finger still tingled and was sore, although it had healed for the most part. Other evidence showed that the victim had severe, swollen bruises on her face, bruises on her back, and a laceration on her nose bridge. A jury could have found temporary serious disfigurement.

(b) *Rendering Member Useless*. Ganas contends that a finger is not a "member" of a body and thus, even if rendered useless, cannot serve as the basis for an aggravated battery conviction. Under the Workers' Compensation Act a finger is considered a member of the body.[8] Similarly, we hold that a finger is a bodily part that accordingly qualifies as a "member" under the aggravated battery statute.[9]

The evidence authorized a jury verdict that Ganas rendered the

---

[2] See *Anderson v. State*, 262 Ga. 26 (1), (2) (413 SE2d 732) (1992).

[3] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] *Baker v. State*, 246 Ga. 317, 318 (2) (271 SE2d 360) (1980).

[5] *In the Interest of H. S.*, 199 Ga. App. 481 (405 SE2d 323) (1991).

[6] Id.; see *Baker*, supra, 246 Ga. at 318 (2); *Pollard v. State*, 230 Ga. App. 159, 160 (1) (495 SE2d 629) (1998).

[7] See *Penland v. State*, 229 Ga. 256, 257 (1) (190 SE2d 900) (1972).

[8] OCGA § 34-9-263; see *Sanders v. Ga.-Pacific Corp.*, 181 Ga. App. 757, 758-759 (1) (353 SE2d 849) (1987); *Holcombe v. Fireman's Fund Ins. Co.*, 102 Ga. App. 587 (116 SE2d 891) (1960).

[9] See *Mitchell v. State*, 238 Ga. 167, 168 (231 SE2d 773) (1977); cf. *Benham v. State*, 1 Iowa 542 (1855) (disfigured finger is considered a "member" under the Iowa aggravated assault and battery statute).

victim's broken finger, which was "just hanging there," as useless for a period of time. The bodily member need not be rendered permanently useless,[10] and even the temporary reduced use of a bodily member may be sufficient to render it useless under the aggravated battery statute.[11]

(c) *Depriving Victim of the Member.* Depriving the victim of a member of her body may refer to the separation of the member from the body (as in dismemberment, amputation, or removal),[12] or it may refer to the loss of the use of the member.[13] Thus, we have held that memory lapses and permanent nerve damage caused by blows to the victim's head,[14] serious damage to a shoulder depriving the victim of its use,[15] and loss of vision caused by injury to an eye[16] have all constituted depriving the victim of a member of her body under the statute.[17] Similarly, we hold that the loss of use of the finger here could constitute depriving the victim of that member.

Since the evidence supported a guilty finding under all three types of injuries specified under the statute and alleged in the indictment, the court did not err in allowing the jury to decide the matter or charging the entirety of OCGA § 16-5-24 (a). The first six enumerations are without merit.

2. The trial court refused to allow Ganas to question jurors during voir dire about their feelings on (i) the relative credibility of witnesses who are police officers, victims, or parties, (ii) the State's burden of proof, and (iii) cases involving a man beating a woman. Ganas argues that such was an abuse of discretion under OCGA § 15-12-133.

What limits a court may place on voir dire questions lie largely within the sound discretion of the court, and we will not interfere with the exercise of that discretion unless it is manifestly abused.[18] The court did not abuse its discretion here in disallowing questions about the credibility of witnesses based on their status as police

---

[10] *Webb v. State,* 228 Ga. App. 624, 625 (2) (492 SE2d 312) (1997).

[11] Id. at 625-626 (3); accord *Taylor v. State,* 178 Ga. App. 817 (344 SE2d 748) (1986) (physical precedent only).

[12] See *Howard v. State,* 173 Ga. App. 585 (1) (327 SE2d 554) (1985) (amputation of lower leg); *Drayton v. State,* 167 Ga. App. 477 (1) (306 SE2d 731) (1983) (bit off ear); *Jarrard v. State,* 152 Ga. App. 553, 555 (7) (263 SE2d 444) (1979) (loss of spleen).

[13] *Scott v. State,* 243 Ga. App. 383, 384 (1) (b) (532 SE2d 141) (2000).

[14] Id.

[15] *Terry v. State,* 188 Ga. App. 748 (2) (374 SE2d 235) (1988).

[16] *McKissic v. State,* 201 Ga. App. 525, 526 (411 SE2d 516) (1991); see *Blackwood v. State,* 224 Ga. App. 486 (1) (480 SE2d 914) (1997).

[17] Cf. *Wade v. State,* 261 Ga. 105, 113, n. 5 (401 SE2d 701) (1991) (Benham, J., dissenting) (listing deprivation of member cases).

[18] *White v. State,* 230 Ga. 327, 337 (5) (a) (196 SE2d 849) (1973); *Harper v. State,* 222 Ga. App. 393-394 (474 SE2d 288) (1996).

officers or otherwise.[19] Nor did the court abuse its discretion in precluding questions concerning the burden of proof, reasonable doubt, and the presumption of innocence, for these are technical legal questions on which the court will instruct at the end of trial.[20] Finally, because questions should be confined to those designed to elicit possible prejudice against the accused or juror bias or interest in the outcome,[21] the court did not manifestly abuse its discretion in disallowing the remaining disputed questions.

3. Ganas claims error in the trial court's removing from the jury a man who knew the victim. At the end of the first witness's testimony, a juror disclosed to the court he now remembered that he was familiar with the victim and that he had a poor opinion of her. When asked by the court whether he could nevertheless be fair and impartial, he replied, "[N]o, I don't think so." He replied similarly when queried again by defense counsel. When asked a third time by the judge, he began to equivocate and stated, "I think I could, you know, but I just want you to know I've already formed opinions about her. . . ." After yet a fourth inquiry whether he could nevertheless be fair, he finally relented and stated, "I think I can, yeah." The judge excused him from the jury and replaced him with the alternate.

OCGA § 15-12-172 authorizes a court to replace a juror with an alternate if the juror is discharged for legal cause. Legal cause arises when the court determines, in its sound discretion, that the juror holds an opinion so fixed and definite that he or she cannot lay it aside and decide the case on the evidence presented and the court's charge.[22] "A conclusion on an issue of bias is based on findings of demeanor and credibility which are peculiarly in the trial court's province, and those findings are to be given deference."[23] Here the juror's repeated statements that he could not fairly decide the case supported the court's finding of bias, particularly since he began to equivocate only after continued questioning.

Ganas's argument that the juror's eventual conclusion of possible fairness requires reversal misapprehends the appellate process. "On appeal, the question is whether evidence supports the trial court's determination."[24] The fact that the juror eventually stated that he could be impartial "does not require the trial court to ignore the numerous times [he] affirmatively stated [he] could *not* decide

[19] *Cox v. State*, 248 Ga. 713-714 (3) (285 SE2d 687) (1982); *Harper*, supra, 222 Ga. App. at 394; *Smith v. State*, 148 Ga. App. 1 (1) (251 SE2d 13) (1978).

[20] *Chastain v. State*, 255 Ga. 723, 724 (1) (342 SE2d 678) (1986); *Harper*, supra, 222 Ga. App. at 394.

[21] Id.

[22] *Kirkland v. State*, 271 Ga. 217, 219 (2) (518 SE2d 687) (1999).

[23] (Citation omitted.) Id.

[24] *Boyle v. State*, 241 Ga. App. 883, 885 (1) (528 SE2d 303) (2000).

the case impartially and does not make the trial court's credibility decision to strike [him] error."[25]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JULY 26, 2000 —
RECONSIDERATION DENIED AUGUST 23, 2000

*Michael L. Chidester*, for appellant.

*Kelly R. Burke, District Attorney, Katherine E. Kelley, Amy E. Lambert, Assistant District Attorneys*, for appellee.

---

[25] (Emphasis in original.) Id.