## A02A0248. PILKENTON v. THE STATE.
(561 SE2d 462)

ELLINGTON, Judge.

Cynthia Pilkenton appeals from her conviction in the State Court of Spalding County of driving under the influence of alcohol while having a blood alcohol concentration of 0.10 grams[1] or more, OCGA § 40-6-391 (a) (5). Because the trial court erred in denying Pilkenton's motion to suppress, we reverse.

In reviewing a motion to suppress, we construe the evidence most favorably to uphold the findings and judgment of the trial court, and the court's findings on disputed facts and witness credibility will be adopted unless they are clearly erroneous. *Redd v. State*, 229 Ga. App. 364, 365 (494 SE2d 31) (1997). But "where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (Citations omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

The trial court denied Pilkenton's motion to suppress the results of a blood test based on the following undisputed facts: on August 17, 2000, the arresting officer responded to a two-car accident and found both drivers were injured. The driver of the other car had "visible bleeding" and was treated by paramedics and taken to the hospital by ambulance. Pilkenton complained of pain in her wrist. The officer read Pilkenton her implied consent rights and advised her that because of the serious injuries from the accident she was required to submit to a blood test. The officer drove Pilkenton to a hospital where she submitted to having blood drawn. Pilkenton received one stitch to her thumb and was treated for a sprained ankle; she received no treatment for any wrist injury.

1. Pilkenton contends the trial court erred in denying her motion to suppress because the officer misled her with regard to her implied consent rights by telling her she was required to submit to a blood test because of the severity of the accident. At trial the officer testified, "The State classifies any visible bleeding or broken bones as a serious injury."

The implied consent law presumes consent to a blood, breath, or urine test by any driver "involved in any traffic accident resulting in serious injuries or fatalities." OCGA § 40-5-55 (a). The statute defines a "traffic accident resulting in serious injuries or fatalities" as "any motor vehicle accident in which a person was killed or in which one or more persons suffered a fractured bone, severe burns, disfigurement, dismemberment, partial or total loss of sight or hearing, or loss

---

[1] The incident occurred on August 17, 2000, before the legal limit was reduced to 0.08 grams. See Ga. L. 2001, p. 208, § 1-5.

of consciousness." OCGA § 40-5-55 (c). Based on the record developed at trial, there was no evidence any person "suffered a fractured bone," although the officer *believed* Pilkenton's wrist might be broken based on her complaints of pain. Nor was there evidence supporting a finding that Pilkenton or the other driver suffered "disfigurement." *Miller v. State*, 219 Ga. App. 496 (466 SE2d 67) (1995) (a dislocated shoulder is not disfigurement). We have defined "disfigurement" as "that which impairs or injures the appearance of a person," even if only temporarily. (Punctuation omitted.) *Lewis v. State*, 215 Ga. App. 796, 797 (452 SE2d 228) (1994). In this case, the officer, who provided the only evidence of the drivers' appearance, testified that Pilkenton complained of pain and that the other driver was bleeding. There was no evidence, for example, that Pilkenton's wrist was deformed or significantly swollen or discolored, nor that the other driver's bleeding resulted from a disfiguring laceration. Cf. id. at 796 (accident resulted in disfigurement where the passenger's leg appeared broken and "deformed," where "the top side of the leg was turned completely to the outside while the inside part of the leg was still straight, straight up, the way it would normally be," and there was a 12-inch knot across the thigh, and where one of the driver's ankles was swollen to "about the size of a softball") (punctuation omitted).

> Because there is insufficient evidence that [Pilkenton or the other driver] suffered a serious injury so as to invoke implied consent to the tests under OCGA § 40-5-55 (a), the trial court erred in failing to suppress the test results. Accordingly, the blood . . . test results constituting the only evidence at trial which would support a verdict of guilty of the offense charged, [Pilkenton's] conviction must be reversed.

*Miller v. State*, 219 Ga. App. at 497. See *State v. Leviner*, 213 Ga. App. 99, 102 (3) (c) (443 SE2d 688) (1994) (where information given to a defendant contains substantial misleading, inaccurate, or extraneous information such that the defendant was confused as to her implied consent statutory privileges, the results of any test obtained pursuant to the implied consent statute must be excluded).

2. In light of our holding in Division 1, Pilkenton's remaining enumeration of error is moot.

*Judgment reversed. Smith, P. J., and Eldridge, J., concur.*

DECIDED MARCH 6, 2002.

*Virgil L. Brown & Associates, Larkin M. Lee*, for appellant.
*Griffin E. Howell III, Solicitor-General*, for appellee.