## A90A1933. PRICE v. THE STATE.
(401 SE2d 609)

COOPER, Judge.

Appellant raises the general grounds in this appeal from the judgment of conviction and sentence entered on the jury's verdict of guilty of the offense of possession of cocaine with the intent to distribute.

The facts as adduced at trial reveal that a police officer observed appellant's truck during the early morning hours in an intersection with the flashers on and the engine running. At first, the officer did not observe anyone in the vehicle but upon looking into the driver's window, the officer saw appellant lying on his side across the seat of the truck. The officer spoke to appellant, turned off the engine and got appellant out of the truck. Upon talking to appellant, the officer noticed a strong odor of alcohol and the slurred speech and unsteadiness of appellant. The officer placed appellant under arrest, took appellant back to the patrol car and radioed to a back-up unit. The officer then returned to the truck to look for intoxicants and was able to glance into the truck "for a second" before the two back-up officers

arrived. Appellant went to the station with one back-up officer, and the other back-up officer stayed to inventory the truck. The arresting officer went back to the station in his car, but before he arrived, Smith, the officer who was taking the inventory of the truck, radioed him to return to the scene. Smith had discovered approximately 17 grams of cocaine packaged in ten clear plastic bags wrapped in a paper towel in the seat of the truck. The arresting officer testified that when he glanced into the truck for just a second, he did not see the paper towel in the seat. Smith testified that the paper towel was in clear view on the seat of the truck. Appellant testified at trial and denied any knowledge of the cocaine. Appellant stated that he had given some strangers a ride in his truck the previous evening and that he did not notice anything in the seat of his truck when they got out.

" 'In passing upon the general grounds, this court reviews not the weight but the sufficiency of the evidence to support the verdict. . . . So long as there is "any evidence" to support the jury's verdict, it will not be disturbed on appeal. [Cit.]' " *Zackery v. State*, 194 Ga. App. 434 (2) (391 SE2d 15) (1990). Appellant contends that the standard for basing a verdict upon circumstantial evidence was not met in the instant case. " ' "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." [Cit.] Questions of reasonableness are generally decided by the jury, and this court will not disturb the jury's finding that the evidence was sufficient to exclude every reasonable hypothesis save that of guilt unless the verdict is unsupportable as a matter of law. [Cits.]' " *Groom v. State*, 187 Ga. App. 398 (2) (370 SE2d 643) (1988). We have reviewed the transcript in a light most favorable to the verdict. Appellant does not even propose a reasonable hypothesis of what occurred; we will not change the jury's determination. There is " 'ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that [appellant] was guilty of the [offense] charged.' *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)." *Zackery*, supra at 434.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 31, 1991.

*Knight & Marlowe, Johnny W. Knight, Terry J. Marlowe*, for appellant.

*Britt R. Priddy, District Attorney*, for appellee.