## S92A0505. WEAVER v. THE STATE.
### (415 SE2d 640)

BENHAM, Justice.

Convicted of felony murder[1] for the stabbing death of her companion, Robert Busbee, appellant contends on appeal only that the evidence adduced at trial was not sufficient to support the conviction. We disagree and affirm.

The evidence presented by the State authorized the jury to find that appellant and the victim had a relationship in which mutual physical abuse was frequent and public. On the occasion of the killing, appellant and Busbee had been engaged in an earlier altercation and Busbee locked her out of the room they were sharing in a rooming house. An eyewitness testified that she watched appellant use a spoon to gain entrance to the room, then entered the room along with

---

[1] The killing occurred on December 1, 1989, and appellant was indicted on December 27 for malice murder and felony murder. A first trial terminated in a mistrial declared on October 4, 1990, when the jury was unable to reach a unanimous verdict. A second trial resulted in an acquittal of malice murder and a conviction of felony murder with a resulting life sentence on March 14, 1991. Appellant's motion for new trial, filed April 12, 1991, was denied on November 18. Her notice of appeal was filed December 9, 1991; the record was transmitted and the case docketed in this court on January 24, 1992, and the case was submitted for decision on March 6, 1992.

appellant and two other women, finding Busbee asleep with his back to the door. According to the witness, appellant picked a knife up and, without a word, leaned over Busbee and stabbed him once in the chest. The witness described the knife and noted that when appellant pulled it out of Busbee's wound, the point was bent. A knife matching the witness' description was found at the scene and a medical witness testified that the knife's characteristics, including the bent point, were consistent with Busbee's wound.

Although appellant presented evidence contrary to that of the State, including her testimony that she stabbed Busbee as he physically attacked her and testimony from an expert that appellant was, at the time of the stabbing, suffering from the Battered Woman Syndrome, the evidence presented by the State was sufficient to authorize a rational trier of fact to find appellant guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Stoudemire v. State*, 261 Ga. 49 (1) (401 SE2d 482) (1991). Appellant's complaint that the jury should have believed her witnesses rather than the State's witnesses is controlled adversely to her by the principle that the credibility of witnesses is a question for the jury. *Moore v. State*, 255 Ga. 148 (335 SE2d 868) (1985).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 1992.

*Leon Larke*, for appellant.

*Michael C. Eubanks*, District Attorney, *Nancy J. Berger, Richard E. Thomas*, Assistant District Attorneys, *Michael J. Bowers*, Attorney General, *Robert D. McCullers*, Staff Attorney, for appellee.