## A01A1143. AHMADI v. THE STATE.
(554 SE2d 215)

RUFFIN, Judge.

A jury found Mohammad Ahmadi guilty of one count each of aggravated assault and cruelty to children and two counts of aggravated battery.[1] Ahmadi appeals, challenging the sufficiency of the evidence supporting his convictions. We affirm.

On appeal, we review the evidence presented at trial in the light most favorable to support the jury's verdict and determine whether this evidence is sufficient to authorize a rational trier of fact to find Ahmadi guilty of the crimes charged beyond a reasonable doubt.[2] Viewed in this light, the evidence showed that the month after Ahmadi divorced his wife of ten years, the two reunited. The reunion was short-lived, however, as Ahmadi and his former wife soon started arguing about Ahmadi's accusations of infidelity. On the day of the attack at issue here, Ahmadi called his former wife at work and threatened to leave and take the couple's two children with him.

When the former wife returned that evening to the motel room where they were living, Ahmadi was there with the two children. According to the former wife, they had spoken briefly, and she was sitting on the corner of the bed when Ahmadi pulled a baseball bat from beneath the bed and started beating her. The victim almost immediately lost consciousness, and a responding paramedic testified that, when he found her, she had "lost a substantial amount of blood," suffered "extensive trauma to her head, with major hemorrhage," and bruising on her chest. The paramedic further stated that the victim "appeared to have a broken arm, broken wrist, [her] fingers were swollen, [and she had] some bruises on her legs, this type of thing." An emergency room physician testified that the victim suffered facial bone fractures, "eight different bones fractured on her left hand," and "she also had fractures of fingers on the right hand."

On appeal, Ahmadi advances two arguments in support of his assertion that the evidence was insufficient to support his conviction. First, Ahmadi argues that he "testified that he did not commit the acts of violence against his former wife and the issue of credibility should have been resolved in his favor." Actually, the transcript reveals that Ahmadi did not deny beating his former wife, but merely testified that he had no recollection of the attack. In any event, "the credibility of witnesses is a question for the jury," and the evidence, construed in favor of the verdict, was more than ample to support the verdict.[3]

---

[1] The jury also found Ahmadi not guilty of a second count of cruelty to children.

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Weaver v. State*, 262 Ga. 196, 197 (415 SE2d 640) (1992).

Ahmadi next argues that "[n]o testimony was offered that the right index finger was rendered useless as set out in the indictment." In Count 2 of the indictment, the State charged Ahmadi with aggravated battery, alleging that he "unlawfully and maliciously cause[d] bodily harm to [the victim] by rendering useless a member of her body, to wit: *her right middle finger*, by striking said finger with a baseball bat and fracturing it."[4] This allegation was supported by the treating physician's testimony that the victim "had fractures of fingers on the right hand," the victim's testimony that the middle finger on her right hand was splinted, and a photograph admitted into evidence which reveals a splint on the middle finger of the victim's right hand. In addition, the victim testified that, during her ten-day hospital stay, she was unable to write or do things with her hands. To constitute aggravated battery under our statute,[5] "[t]he bodily member need not be rendered permanently useless, and even the temporary reduced use of a bodily member may be sufficient to render it useless."[6] With almost unexampled savagery on the part of Ahmadi, we have no difficulty concluding that the jury was authorized to return the verdict. Accordingly, we conclude that the evidence was sufficient to meet the standard of *Jackson v. Virginia.*[7]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 13, 2001.

*Lyle K. Porter*, for appellant.
*Daniel J. Porter, District Attorney, James M. Miskell, Assistant District Attorney*, for appellee.

---

[4] (Emphasis supplied.)
[5] OCGA § 16-5-24 (a).
[6] (Footnotes omitted.) *Ganas v. State*, 245 Ga. App. 645, 647 (1) (b) (537 SE2d 758) (2000).
[7] See *Jackson*, supra. To the extent that Ahmadi asserts the evidence supporting his convictions on the other counts was insufficient, he has not supported such assertions with citation of authority or argument, and they are thus deemed abandoned. See Court of Appeals Rule 27 (c) (2).