## A04A1987. DANIEL v. THE STATE.
(610 SE2d 90)

SMITH, Presiding Judge.

Following a nonjury trial, Jason Edward Daniel was convicted of one count each of armed robbery and aggravated battery.[1] His motion for new trial was denied, and he appeals, raising the general grounds and contending that the trial court impermissibly restricted cross-examination of the victim. For the reasons that follow, we conclude that the verdict is supported by the evidence and that the trial court correctly refused to allow Daniel to elicit irrelevant information from the victim. We therefore affirm.

1. Daniel contends that the evidence was insufficient to convict him under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). On appeal of a criminal conviction, we view the evidence in the light most favorable to the verdict of the factfinder, and we review the sufficiency, not the weight, of the evidence. *Grant v. State*, 195 Ga. App. 463, 464 (393 SE2d 737) (1990). If any evidence supports the verdict of the factfinder, that verdict "will not be disturbed on appeal." (Citation and punctuation omitted.) *Price v. State*, 198 Ga. App. 416, 417 (401 SE2d 609) (1991).

So construing the evidence, the victim testified that while Daniel and co-defendant Michael Smith were visiting in his home, Smith pointed a gun at the victim and yelled, "Give it up, give it up." The victim testified that he took $15 from his front pocket and "threw" it at Smith. When the victim attempted to run out of his home, Daniel "hit me from behind and knocked my legs out from under me." The three men began "tussling." The victim managed to run outside but was shot in the hip after he ran out the door. He testified that he "heard one of them say, 'Kill him.'" He saw Daniel and Smith "tussling over the gun and then they just took off running . . . up the street." Smith returned, however, "insist[ing] that I still had some money and he tried to roll me over and I was laying on my wallet." The victim, who had $880 in his wallet, resisted Smith but told him that the money was inside the house under a mattress. Smith went inside, and the victim went to a neighbor's house. As a result of his gunshot wound, the victim was required to use crutches for six months. At the time of trial, he walked with the assistance of a cane.

Smith testified that Daniel initiated the plan to rob the victim. He stated that Daniel cut some pages from a book and hid a gun inside. While Daniel and Smith were inside the victim's home, Daniel instructed him to "[d]o it now," which meant that Smith was to "[g]et the gun and get the money." Smith testified that he told the victim,

---

[1] Daniel was acquitted of one charge of kidnapping with bodily injury.

"Give me the money." According to Smith, the victim "didn't do nothing" and then tried to run toward the door. Daniel and Smith "grabbed him and pulled him back in and started beating him and hitting him . . . and he ran down toward the back door and I chased him and Jason Daniel was in the kitchen doing something and he got out the back door and that's when I accidentally shot him." According to Smith, he got no money from the victim. Daniel testified, denying any wrongdoing.

Under OCGA § 16-8-41 (a), "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon." The victim's testimony showed that Daniel and Smith acted in concert to demand money from the victim at gunpoint and that the victim "threw" $15 at Smith. At that point, the armed robbery was completed. See *Robinson v. State*, 255 Ga. App. 138, 139 (564 SE2d 543) (2002); *State v. Watson*, 239 Ga. App. 482, 486 (520 SE2d 911) (1999).

As for Daniel's conviction of the offense of aggravated battery, that crime can occur when a person "maliciously causes bodily harm to another by . . . rendering a member of his or her body useless." OCGA § 16-5-24 (a). Even "temporary reduced use of a bodily member may be sufficient to render it useless." (Citation, punctuation and footnote omitted.) *Ahmadi v. State*, 251 Ga. App. 189, 190 (554 SE2d 215) (2001). The victim was shot while running away from his home. Although Smith testified that he accidentally shot the victim, the victim's testimony showed that both defendants fought with him inside his home and that after he was shot, both defendants struggled over the gun, and one of them said, "Kill him." A rational trier of fact was authorized under the standard of *Jackson v. Virginia*, supra, to find that in addition to committing the offense of armed robbery, Daniel and Smith together committed the crime of aggravated battery. The evidence supports the verdict, and we will not disturb it.

2. On cross-examination, the victim was asked whether he sold marijuana and prescription medication to two individuals. He denied having done this, and defense counsel asked whether he had "sold medication and drugs" to a third individual. At that time, the State objected on relevancy grounds. Following extensive argument, the court ruled that defense counsel could ask the victim "whether he had in his possession . . . a quantity of opiates or a pound of marijuana" on the night of the incident. The court also allowed Daniel to "go into anything" that would affect the victim's ability to identify his assailants. But the trial court sustained the State's objection insofar as Daniel sought to question the victim about drug sales, on the ground that "the fact that he may have sold drugs" was irrelevant. Daniel argues on appeal, as he did below, that the excluded evidence was

relevant to contradict the victim's testimony that he did not have access to prescription medication. We find no basis for reversal.

A defendant is of course "entitled to a thorough and sifting cross-examination as to all relevant issues." (Citation omitted.) *Kolokouris v. State*, 271 Ga. 597, 600 (4) (523 SE2d 311) (1999). The trial court, however, "in determining the scope of relevant cross-examination, has a broad discretion. Generally speaking, the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way and to whatever extent, the defense might wish." (Citations and punctuation omitted.) Id. Inasmuch as Daniel was attempting to show that the victim may have been under the influence of medication during the incident, some evidence of this fact was presented through admissible testimony. Medical evidence was introduced that following the shooting, the victim's blood tested positive for an unidentified opiate. More importantly, to the extent that Daniel sought to impugn the victim's character through testimony concerning illegal drug sales, a "victim's character is rarely relevant for any purpose in a criminal proceeding. [Cits.]" Id. Whether the victim had taken drugs on the night of the incident certainly may have been relevant to show his ability — or inability — to identify his assailant. But whether the victim had *sold* drugs was simply irrelevant to the issues at trial. The trial court did not abuse its discretion in limiting the scope of cross-examination to the issue of whether the victim possessed or was under the influence of illegal drugs at the time of the incident.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 19, 2005 —
RECONSIDERATION DENIED FEBRUARY 9, 2005.

*Renate D. Moody*, for appellant.
Jason E. Daniel, *pro se*.
*Howard Z. Simms, District Attorney, Gregory W. Winters, Assistant District Attorney*, for appellee.

