A06A1117. JOHNSON v. THE STATE.
(632 SE2d 688)

PHIPPS, Judge.

Sherwin Richard Johnson appeals his conviction of aggravated assault. He contends that the trial court erred in a recharge to the jury on the offense of aggravated assault. We find no error in the recharge and affirm.

An indictment was returned charging Johnson and Angelica Harrison with armed robbery and aggravated assault and charging Johnson, alone, with possession of a firearm during commission of the felony of armed robbery. Johnson was tried and acquitted of the armed robbery and firearm possession charges but convicted of aggravated assault. The indictment charged Johnson and Harrison with having committed an armed robbery upon Rodney Reed by taking clothing from him by use of a handgun and with having committed an aggravated assault upon Reed "with a handgun, a deadly weapon, by striking him in the head with said handgun."

At trial, Reed testified that he supplemented his income by selling clothing. On the day in question, he approached a man and woman at a convenience store, sold the man some clothing, and gave him his business card. Later that day, the couple telephoned Reed and made plans to meet him at a hotel near his house. After Reed met the couple in the front of the hotel, they proceeded to the rear parking lot

so that Reed could show them more clothing. Reed testified that as he was doing so, the man hit him in the head with a gun and caused him to flee the scene by threatening to kill him. The wound to Reed's head caused profuse bleeding, required multiple stitches, and left a scar that was still present at the time of trial. Johnson and Harrison were identified through a cell phone they had used to call Reed. After the incident, Reed positively identified both of them from photographic lineups shown to him by the police. Several months later, Johnson was apprehended in another state. No handgun was recovered either from Johnson at the time of his arrest or from the crime scene.

Under OCGA § 16-5-21, a person may commit the offense of aggravated assault by various methods, e.g., "[w]ith intent to murder, to rape, or to rob"[1] or "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."[2] The indictment in this case charged Johnson and Harrison with aggravated assault by only one of these methods, i.e., with a deadly weapon. The trial court read the indictment to the jurors and charged them that the burden of proof rested upon the state to prove every material allegation of the indictment, and every essential element of the crimes charged, beyond a reasonable doubt. The trial court further charged the jury that a person commits the offense of aggravated assault when that person assaults another person with a deadly weapon.

After the jurors had begun deliberating, they returned to the courtroom to pose certain questions to the court. In one of the questions, they asked whether they were to be controlled in their deliberations by the Georgia law on aggravated assault as set forth in OCGA § 16-5-21 or by the allegations of the indictment. The court responded by recharging the jury that a person commits the offense of aggravated assault when that person assaults another person with a deadly weapon. When the court asked the foreperson if that answered the question, he responded that it did. When the court then asked if there were any objections, defense counsel said no.

Johnson contends that the court's recharge to the jury was erroneous under *Dukes v. State*[3] and, therefore, constituted "substantial error . . . harmful as a matter of law" under OCGA § 5-5-24 (c), thereby requiring a reversal even in the absence of an objection at trial.[4] This contention is without merit. *Dukes* holds that if a trial

---

[1] OCGA § 16-5-21 (a) (1).

[2] OCGA § 16-5-21 (a) (2).

[3] 265 Ga. 422 (457 SE2d 556) (1995).

[4] See *Levin v. State,* 222 Ga. App. 123, 126 (6) (473 SE2d 582) (1996).

court gives a jury charge on an entire Code section that specifies that a crime may be committed by more than one method, and if the indictment alleges that the defendant committed the crime by only one method, the deviation violates due process, unless: (a) a limiting instruction is given;[5] or (b) under the evidence, there is no reasonable possibility that the jury convicted the defendant of the commission of the crime in a manner not charged in the indictment.[6] *Dukes* is inapplicable, because here the trial court did not charge or recharge the jury on the entire aggravated assault statute. Instead, the court charged and then recharged the jury on only that part of the statute relating to the allegations of the indictment. Because neither the charge nor recharge authorized a conviction in a manner other than that alleged in the indictment, neither was erroneous.[7]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED JUNE 8, 2006.

*Giannini & Spence, Carl J. Spence, Robert R. McNeill,* for appellant.

*Daniel J. Porter, District Attorney, James M. Cavin, Assistant District Attorney,* for appellee.

---

[5] See *Simmons v. State*, 207 Ga. App. 171 (427 SE2d 560) (1993).

[6] See *Green v. State*, 221 Ga. App. 694, 695 (2) (472 SE2d 457) (1996); *Simmons v. State*, supra at 172.

[7] See *Simpson v. State*, 277 Ga. 356, 358 (3) (589 SE2d 90) (2003); *Martin v. State*, 268 Ga. 682, 685 (8) (492 SE2d 225) (1997).