A07A1597. GOSS v. THE STATE.
(658 SE2d 168)

BERNES, Judge.

Following a jury trial, Terrell Goss was convicted on two counts of aggravated assault and two counts of aggravated battery. The trial court merged the two counts of aggravated assault and sentenced him on the remaining three counts. Goss appeals, arguing that the evidence was insufficient to support his conviction on one count of aggravated battery. He also contends that the trial court erroneously charged the jury on the law of aggravated battery and erred in failing to merge the remaining convictions. We find no merit to Goss's claims and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

---

(Citations omitted.) *Cross v. State*, 285 Ga. App. 518, 519 (646 SE2d 723) (2007).

So viewed, the evidence presented at trial showed that after a day of drinking, Goss attacked the victim, his girlfriend, with a knife after she refused to engage in sexual intercourse with him. In the initial attack, Goss stabbed the victim repeatedly until she feigned dead, at which time he covered her with a sheet. When the victim's daughter subsequently knocked on the locked bedroom door, the victim called out for help. Goss then told the victim, "They are not going to help you tonight, because you are going to die," threw the sheet off of her body, yanked her head back, and began cutting her neck. After the victim's nephew kicked open the bedroom door and saw Goss sitting atop the wounded victim, Goss fled. The police were called and the victim was taken to the hospital where she remained for 15 days.

Goss had stabbed the victim 76 times, causing extensive damage to her throat, arms, and hands. While at the hospital, all 76 of the victim's stab wounds had to be stitched. The victim underwent four surgeries to repair the damage done to her hands and plastic surgery to repair the damage to her neck. She was unable to use her wrist, hands and fingers for at least a month following the attack, and at the time of trial still had only limited use of her hands and fingers. Photographs depicting the victim's injuries were admitted into evidence at trial.

Goss was later arrested and indicted on four felony charges: (1) Count 1 alleged that he committed aggravated assault in that he "did unlawfully make an assault upon the person of [the victim], with a knife, a deadly weapon, by stabbing her and cutting her throat"; Count 2 alleged that he committed aggravated assault in that he "did unlawfully make an assault upon the person of [the victim], with the intent to murder her, by stabbing her and cutting her throat"; Count 3 alleged that he committed aggravated battery in that he "did maliciously cause bodily harm to the person of [the victim], by depriving her of a member of her body, to wit: rendering a member of her body useless, to wit: her wrist"; and Count 4 alleged that he "did maliciously cause bodily harm to the person of [the victim], by seriously disfiguring her body or member thereof, to wit: her throat and arms." A jury convicted Goss on all four counts, the trial court merged Count 1 into Count 2 for sentencing purposes, and this appeal ensued.

1. Goss challenges the sufficiency of the evidence supporting his conviction on the aggravated battery charge alleged in Count 3 of the indictment. The crime of aggravated battery is committed when one "maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body

useless, or by seriously disfiguring his or her body or a member thereof." OCGA § 16-5-24 (a).

Goss contends that the indictment confined the jury to considering only whether he deprived the victim of her wrist, and failed to put him on notice that a conviction could be based upon a finding that the victim's wrist was rendered useless; that the evidence was insufficient to establish that he deprived the victim of her wrist; and that an injury to the wrist is not the type of injury contemplated under the aggravated battery statute. We reject each of Goss's arguments.

Although perhaps inartfully worded, Count 3 of the indictment plainly alleged that Goss had deprived the victim of a member of her body, her wrist, and that Goss had rendered her wrist useless. Thus, Goss cannot reasonably claim that he had no notice that a conviction could be predicated on the victim's loss of use of her wrist. "When an indictment alleges in one count two alternative bases for conviction, a verdict of guilty is appropriate if either is established." (Citation omitted.) *Walker v. State*, 254 Ga. 149, 151 (1), n. 2 (327 SE2d 475) (1985). See *Souder v. State*, 281 Ga. App. 339, 343 (1) (b), n. 3 (636 SE2d 68) (2006).

Here, the evidence established proof of both methods of aggravated battery beyond a reasonable doubt. Evidence of the victim's total loss of her wrist, even if temporary, was sufficient to prove both that she was deprived of her wrist and that it was rendered useless. See *McClain v. State*, 284 Ga. App. 187, 188 (1) (643 SE2d 273) (2007) (temporary deprivation of a body member may render one "deprived" of that body part under the aggravated battery statute); *Daniel v. State*, 271 Ga. App. 539, 540 (1) (610 SE2d 90) (2005) (temporary reduction of the use of a bodily member may be sufficient to render it "useless"); *Ahmadi v. State*, 251 Ga. App. 189, 190 (554 SE2d 215) (2001) (temporary loss of the victim's finger rendered it useless). The evidence was thus sufficient to prove both methods of aggravated battery as alleged in the indictment.

Goss also asserts that a wrist is not a "member" of the body as contemplated by OCGA § 16-5-24. Goss cites no authority in support of that proposition, however, and we can find none. Rather, a wrist is a joint in the arm, much like an elbow and a shoulder, injury to which we have previously held can form the basis of a conviction for aggravated battery.[1] See *Walls v. State*, 283 Ga. App. 560, 561 (1) (642

---

[1] A wrist is defined as "the joint or the region of the joint between the human hand and the arm." Merriam-Webster's Online Dictionary, http://www.m-w.com/dictionary/wrist. Likewise, an elbow is defined as "the joint of the human arm." Id., http://www.m-w.com/dictionary/elbow. Finally, a shoulder is defined as "the laterally projecting part of the human body formed of the bones and joints with their covering tissue by which the arm is connected with the trunk." Id., http://www.m-w.com/dictionary/shoulder.

SE2d 195) (2007) (affirming conviction based upon the victim's broken elbow); *Terry v. State*, 188 Ga. App. 748 (2) (374 SE2d 235) (1988) (damage to shoulder warranted aggravated battery conviction). As previously noted, the victim further testified that the loss of functionality in her wrist, hands and fingers were all interrelated. Under these facts, the jury was authorized to conclude that Goss's attack on the victim deprived her of the use of her wrist and rendered it useless, supporting a guilty verdict on aggravated battery as charged. See *McClain*, 284 Ga. App. at 188 (1); *Daniel*, 271 Ga. App. at 540 (1); *Ahmadi*, 251 Ga. App. at 190; *Scott v. State*, 243 Ga. App. 383, 384-385 (1) (b) (532 SE2d 141) (2000); *Terry*, 188 Ga. App. at 748 (2).

2. Goss also argues that the trial court committed reversible error when it charged the jury on OCGA § 16-5-24 (a), aggravated battery, in its entirety because it could have resulted in the jury finding Goss guilty on Count 3 in a manner other than that alleged in the indictment.

> [I]f a trial court gives a jury charge on an entire Code section that specifies that a crime may be committed by more than one method, and if the indictment alleges that the defendant committed the crime by only one method, the deviation violates due process, unless: (a) a limiting instruction is given; or (b) under the evidence, there is no reasonable possibility that the jury convicted the defendant of the commission of the crime in a manner not charged in the indictment.

(Footnotes omitted.) *Johnson v. State*, 279 Ga. App. 669, 670-671 (632 SE2d 688) (2006). Goss complains that the jury in this case may have convicted him of Count 3 based on evidence showing that he rendered the victim's wrists useless. As we previously held in Division 1, the indictment alleged that Goss had rendered the victim's wrist useless. Thus, a conviction based on this evidence would not violate due process.

Moreover, the trial court's charge limited the jury to consideration of the charges as alleged in the indictment. The trial court read the indictment to the jury and charged the jury, inter alia, that "[n]o person shall be convicted of any crime unless and until each element of the crime as charged is proven beyond a reasonable doubt"; that "[t]he burden of proof rests upon the [s]tate to prove every material allegation of the indictment . . . beyond a reasonable doubt"; and that "[i]f you believe beyond a reasonable doubt the Defendant on trial committed the acts charged in this bill of indictment. . . ." See *Ferrell v. State*, 283 Ga. App. 471, 476 (3) (641 SE2d 658) (2007) ("In

determining whether the instruction sufficiently limited the jury's consideration to the charges in the indictment, we review the jury charge as a whole.") (footnote omitted). As such, there is no reasonable possibility that the jury convicted Goss of committing the aggravated battery in a manner not charged in the indictment.

3. In his last two enumerations of error, Goss argues that the trial court erred in failing to merge both the aggravated assault conviction on Count 2 and the aggravated battery conviction on Count 3 into the aggravated battery conviction on Count 4. Georgia law prohibits multiple convictions if "[o]ne crime is included in the other." OCGA § 16-1-7 (a) (1). Notably, however, "[t]he rule prohibiting more than one conviction if one crime is included in the other does not apply unless 'the same conduct' of the accused establishes the commission of multiple crimes." *Waits v. State*, 282 Ga. 1, 4 (2) (644 SE2d 127) (2007); OCGA § 16-1-7 (a) (1). See also *Drinkard v. Walker*, 281 Ga. 211, 212-213 (636 SE2d 530) (2006). Bearing these principles in mind, we conclude that the trial court was not required to merge the convictions.

(a) Contrary to Goss's assertion, his aggravated assault conviction on Count 2 does not merge with the aggravated battery conviction on Count 4. In order to prove aggravated assault as alleged in Count 2, the state had to prove that Goss assaulted the victim with the intent to murder her by either stabbing her *or* cutting her throat.[2] See OCGA § 16-5-21 (a) (1). As alleged in Count 4, the aggravated battery charge required the state to prove that Goss maliciously caused harm to the victim by seriously disfiguring her throat *or* her arms.[3] See OCGA § 16-5-24 (a). Thus, a conviction could be sustained on Counts 2 and 4 based on different conduct: a conviction on Count 2 could be based on the cutting of the victim's throat, while a conviction on Count 4 could be based on the serious disfigurement of her arms. Accordingly, the trial court did not err by entering judgment on both counts. See, e.g., *Waits*, 282 Ga. at 4 (2).

(b) Nor did the trial court err in entering judgment on the two aggravated battery convictions. The allegations of Count 3 required the state to prove either that Goss deprived the victim of her wrist or

---

[2] As we have explained, "[w]hen an indictment charges a crime was committed in more than one way, proof that it was committed in one of the separate ways or methods alleged in the indictment makes a prima facie case for jury determination as to guilt or innocence." (Citations omitted.) *Carolina v. State*, 276 Ga. App. 298, 304 (5) (a) (623 SE2d 151) (2005). Thus, "[i]n view of the conjunctive form of the indictment in this case, it was not incumbent upon the [s]tate to prove that [Goss both stabbed the victim and cut her throat in order to sustain a conviction on Count 2]." (Citations omitted.) Id.

[3] For the same reasons discussed in footnote 2, the state was not required to prove that Goss seriously disfigured both the throat and arms of the victim.

that he rendered her wrist useless. OCGA § 16-5-24 (a). The allegations of Count 4 required the state to prove serious disfigurement of the victim's throat or arms. Id. Each count thus was predicated on different conduct by Goss. Accordingly, the doctrine of merger did not apply. See, e.g., *Waits*, 282 Ga. at 4 (2).

   *Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 8, 2008 —
RECONSIDERATION DENIED FEBRUARY 25, 2008

*Healy & Svoren, Timothy P. Healy*, for appellant.
*Robert W. Lavender, District Attorney, Leon Jourolmon, Assistant District Attorney*, for appellee.