## A09A1610. BIGGINS v. THE STATE.
### (683 SE2d 96)

BLACKBURN, Presiding Judge.

Following a jury trial, Antonio Biggins was convicted on one count of family violence aggravated assault,[1] one count of possession of a knife during the commission of a felony,[2] and two counts of family violence aggravated battery.[3] He appeals his convictions and the denial of his motion for new trial, arguing that the trial court erred in denying his motion for directed verdict of acquittal on one of the aggravated battery counts and that his trial counsel rendered ineffective assistance. For the reasons set forth below, we affirm.

"On appeal, the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction." (Punctuation omitted.) *Terry v. State*.[4] In reviewing the sufficiency of the evidence, we construe the evidence "in a light most favorable to the verdict, and [Biggins] no longer enjoys a presumption of innocence." (Punctuation omitted.) *Dennis v. State*.[5] We do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*.[6]

So viewed, the record shows that in December 2006, Biggins and his girlfriend, C. H., had been living together in C. H.'s home for nearly one year. During that time, the couple was involved in several fights, including one in which Biggins was convicted of battery after he struck C. H. in the ear with enough force to perforate her eardrum. On the evening of December 28, 2006, C. H. told Biggins that she wanted to end their relationship because of his repeated physical abuse of her. An argument ensued, and C. H. told Biggins to leave. Biggins responded that if he could not have C. H., then no one would. After Biggins left the house, C. H. went to bed.

Around 2:00 a.m., she awoke to find that Biggins was in her bedroom and that she was bleeding from having been struck in the

---

[1] OCGA § 16-5-21 (a) (2), (j).

[2] OCGA § 16-11-106 (b) (1).

[3] OCGA § 16-5-24 (a), (h).

[4] *Terry v. State*, 293 Ga. App. 455 (667 SE2d 109) (2008).

[5] *Dennis v. State*, 294 Ga. App. 171 (669 SE2d 187) (2008).

[6] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

head. As C. H. tried to escape, Biggins hit her in the head and ear with a stereo speaker. During the struggle, C. H. managed to call the police, but by the time an officer arrived, Biggins had cornered C. H. in the kitchen and was threatening her with a knife. Hearing C. H. call for help, the officer entered the home with his weapon drawn and told her to run toward his voice, which she did. Subsequently, the officer arrested Biggins without incident.

Biggins was indicted on one count of family violence aggravated assault, one count of possession of a knife during the commission of a felony, two counts of family violence aggravated battery, and one count of family violence battery.[7] Prior to the start of his trial, the State successfully moved for an order of nolle prosequi on the family violence battery charge. At the conclusion of his trial, the jury found Biggins guilty on the four remaining charges. Thereafter, he filed a motion for new trial, which the trial court denied after a hearing. This appeal followed.

1. Biggins contends that the trial court erred in denying his motion for directed verdict of acquittal as to the aggravated battery charge in Count 4 of the indictment, which, in pertinent part, reads that he caused C. H. "bodily harm by rendering a member of her body, to wit: her ear, useless by striking her. . . ." Specifically, he argues that the evidence was insufficient to support that charge because the only evidence that he had rendered C. H.'s ear useless related to the earlier battery, for which he was previously convicted. Biggins further argues that his convictions on all charges should be reversed because C. H.'s testimony was discredited. We disagree.

OCGA § 16-5-24 (a) provides: "A person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof." This Court has previously held that ears are "members" under the aggravated battery statute. *Rivers v. State.*[8] See *Drayton v. State.*[9] To constitute aggravated battery under the statute, "the bodily member need not be rendered permanently useless, and even the temporary reduced use of a bodily member may be sufficient to render it useless." (Punctuation omitted.) *Ahmadi v. State.*[10] See *Ganas v. State.*[11]

In this matter, C. H. testified that Biggins struck her on her head and ear with a stereo speaker and that the injuries required stitches.

---

[7] OCGA § 16-5-23.1 (f).
[8] *Rivers v. State*, 255 Ga. App. 422, 424 (565 SE2d 596) (2002).
[9] *Drayton v. State*, 167 Ga. App. 477 (1) (306 SE2d 731) (1983).
[10] *Ahmadi v. State*, 251 Ga. App. 189, 190 (554 SE2d 215) (2001).
[11] *Ganas v. State*, 245 Ga. App. 645, 647 (1) (b) (537 SE2d 758) (2000).

Although C. H. acknowledged that her injured ear was the same ear that Biggins had struck and injured months earlier, she further testified that as a result of his recent attack, she "could barely hear" out of it and that she would have to have surgery on it. In addition, C. H.'s sister, who took C. H. to the hospital after the incident, testified that C. H.'s ear was bleeding as a result of the attack. Given these facts, the evidence was sufficient for a trier of fact to find beyond a reasonable doubt that Biggins's attack on C. H. rendered her ear useless. See *Goss v. State*;[12] *Ahmadi*, supra, 251 Ga. App. at 190; *Ganas*, supra, 245 Ga. App. at 646-647 (1) (b). Thus, the trial court did not err in denying Biggins's motion for directed verdict of acquittal as to the aggravated battery charge in Count 4 of the indictment.

Furthermore, Biggins's argument that C. H.'s testimony lacked credibility and therefore constituted insufficient evidence is without merit. "It was the jury's role to determine whether [C. H.'s] testimony contained inconsistencies and to resolve conflicts between her testimony and that of other witnesses." (Punctuation omitted.) *Crane v. State*.[13] Here, the jury obviously resolved those conflicts against Biggins. Accordingly, we affirm his convictions.

2. Biggins contends that his trial counsel rendered ineffective assistance by vilifying him and by arguing a position that was contrary to his claim of innocence. We disagree.

> To establish ineffective assistance of counsel under *Strickland v. Washington*,[14] a criminal defendant must prove (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency.

*Kurtz v. State*.[15] "Making that showing requires that [Biggins] rebut the strong presumption that [his] lawyer's conduct falls within the wide range of reasonable professional assistance." *Simpson v. State*.[16] "As a general rule, matters of reasonable trial tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Punctuation omitted.) *Beck v. State*.[17] "We will not reverse a trial court's findings regarding either the defi-

---

[12] *Goss v. State*, 289 Ga. App. 734, 736 (1) (658 SE2d 168) (2008).

[13] *Crane v. State*, 291 Ga. App. 414, 416 (662 SE2d 225) (2008).

[14] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[15] *Kurtz v. State*, 287 Ga. App. 823, 825 (652 SE2d 858) (2007).

[16] *Simpson v. State*, 278 Ga. 336, 337 (2) (602 SE2d 617) (2004).

[17] *Beck v. State*, 292 Ga. App. 472, 474 (2) (a) (665 SE2d 701) (2008).

ciency or prejudice prong of the *Strickland* test unless clearly erroneous." *Kurtz*, supra, 287 Ga. App. at 825.

In his closing argument, Biggins's trial counsel stated that Biggins was not a "nice guy," that he hoped that C. H. would not get involved in a relationship with someone like Biggins in the future, and that Biggins acted wrongly in striking C. H. Nevertheless, Biggins's trial counsel further argued that C. H.'s testimony lacked credibility and that Biggins's actions did not constitute the serious offenses with which he was charged. At the hearing on Biggins's motion for new trial, his trial counsel testified that his comments during closing argument were part of his strategy, in light of the overwhelming evidence that C. H. had been struck, to convince the jury to convict Biggins only on the lesser included charges. During the hearing, Biggins confirmed that his trial counsel's strategy was to argue for the lesser included offenses and that he had reluctantly agreed with this tactic.

Biggins now argues that his trial counsel's actions constituted ineffective assistance. We disagree. As previously noted, "tactical decisions provide no grounds for reversal unless they are so patently unreasonable that no competent attorney would have chosen them." (Punctuation omitted.) *Kendrick v. State*.[18] Here, trial counsel's strategic decision to basically admit the conduct underlying the allegations against Biggins, and to argue that his actions amounted at most to the lesser included offenses, was eminently reasonable. See id. Accordingly, the trial court did not err in denying Biggins's claim of ineffective assistance of counsel.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED AUGUST 5, 2009.

*Jennifer R. Burns*, for appellant.
*Larry Chisolm, District Attorney, Isabel M. Pauley, Assistant District Attorney*, for appellee.

---

[18] *Kendrick v. State*, 279 Ga. App. 263, 266 (2) (a) (630 SE2d 863) (2006).